UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————
№ 08-CV-4641 (JFB) (ETB)
———————————

ANTONIO RIOS,

Plaintiff,

VERSUS

THIRD PRECINCT BAY SHORE,
THOMAS SPOTA, District Attorney for Suffolk County,
and JUDGE JAMES HUDSON,

Defendants.

———————————
**MEMORANDUM AND ORDER**
August 20, 2009
———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Antonio Rios (hereinafter, "Rios" or "plaintiff") brings this action alleging violation of his civil rights under 42 U.S.C. § 1983. Defendant Judge James Hudson now moves to dismiss the complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because the Court determines that Judge Hudson is entitled to absolute judicial immunity, defendant's motion is granted, and he is terminated as a defendant from the instant case.[1]

I. BACKGROUND

A. Facts

The following facts are taken from the complaint ("Compl."), and court records from a criminal proceeding against plaintiff in Suffolk County Court, *People v. Rios*, Indictment No. 00206B-2007 indicating plaintiff's conviction, of which the Court may

---

[1] Although the defendant also raised other grounds for dismissal, the Court need not address those issues because of the existence of absolute immunity from suit.

take judicial notice.[2] These facts are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff was arrested for possession of cocaine on January 9, 2007. (Compl. ¶ IV; County Court of the State of New York, Suffolk County, Certificate of Disposition Indictment, No. 00206B-2007, Dec. 8, 2007 (hereinafter, "Certificate of Conviction").) Plaintiff claims that he was framed by the arresting officers, who entered his home without a warrant and tampered with evidence. (Compl. ¶ 4.) He further claims that the District Attorney manipulated evidence during a *Mapp* suppression hearing, and that defendant Judge James Hudson, the presiding judge, was not neutral. (*Id.*)

Plaintiff filed the instant complaint, alleging violation of his civil rights under 42 U.S.C. § 1983 on November 4, 2008, seeking as relief to have his state criminal charges dismissed and release from state custody. (*Id.* ¶ 4.) On November 17, 2008, plaintiff pled guilty on the criminal indictment that he challenges, to one count of criminal possession of a controlled substance in the first degree, N.Y. Penal Law § 220.21[1]. (*See* Certificate of Conviction.) On December 22, 2008, plaintiff was sentenced to ten years' imprisonment, and five years of supervised release. (*Id.*)

C. Procedural History

On November 4, 2008, plaintiff filed the complaint in the instant action. Defendant Judge James Hudson moved to dismiss the complaint on February 5, 2009. Plaintiff failed to submit an opposition to defendant's motion by the deadline set by the Court, March 13, 2009, and has not otherwise contacted the Court. This matter is fully submitted.

II. STANDARD OF REVIEW

Motions to dismiss on grounds of immunity from suit, including absolute judicial immunity, are properly analyzed under Rule 12(b)(6), rather than Rule 12(b)(1), of the Federal Rules of Civil Procedure. *See, e.g., State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) ("[W]e conclude that the District Court improperly construed defendants' motion to dismiss plaintiffs' claims on legislative immunity grounds under Rule 12(b)(1), as opposed to Rule 12(b)(6)."); *Brookings v. Clunk,* 389 F.3d 614, 617 (6th Cir. 2004) ("The availability of absolute judicial immunity in the context of a Rule 12(b)(6) motion to dismiss presents a question of law."); *Spitalny v. Insurers Unlimited, Inc.*, No. 2:05CV12FTM-29SPC, 2005 WL 1528629, at *3 (M.D. Fla. June 24, 2005) (considering immunity from defamation claims arising during course of judicial proceedings under Rule 12(b)(6) ).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set

---

[2] *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts"); *see, e.g., Simmons v. Kelly*, No. 06-CV-6183 (RJS), 2009 WL 857410, at *2 n.4 (S.D.N.Y. Mar. 31, 2009) (taking judicial notice of plaintiff's conviction by guilty plea); *Wingate v. Gives*, No. 05-CV-1872 (LAK), 2008 WL 5649089, at *3 n.7 (S.D.N.Y. Apr. 13, 2008) (taking judicial notice of conviction); *Vaughn v. Consumer Home Mortgage Co., Inc.*, 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) (it is "well established that courts may take judicial notice of court records").

forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal,* setting forth a two-pronged approach for courts deciding a motion to dismiss. *See* 129 S.Ct. at 1937. The Court instructed district courts to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally. . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings. . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se,* the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (alterations in original)); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

Finally, in connection with a motion to dismiss under Rule 12(b)(6), as noted *supra*, the Court may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis*, 421 F.3d at 100; *accord Kramer*, 937 F.2d at 773.

### III. DISCUSSION

For the reasons stated below, the Court finds that defendant Judge Hudson's motion to dismiss must be granted on absolute judicial immunity grounds.

Judges have traditionally enjoyed absolute immunity for damages arising out of judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991);

3

*Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990) ("A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity."); *accord Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *4 (E.D.N.Y. Apr. 17, 2009). "[I]f the relevant action is judicial in nature, the judge is immune so long as [the action] was not taken in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004) (citing *Mireles*, 502 U.S. at 11-12).

Plaintiff's § 1983 claim against Judge Hudson is plainly barred by the doctrine of absolute judicial immunity, because the claim concerns the Judge's actions while presiding over the suppression hearing in a state criminal proceeding, which constituted judicial acts well within his jurisdiction. Although plaintiff seeks injunctive relief, rather than damages, he has no cause of action under the express terms of § 1983 because he has not made any allegation that a declaratory decree was violated or that declaratory relief was unavailable. 42 U.S.C. § 1983 ( "[I]n any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *see also Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (claim for injunctive relief barred against judicial officer under § 1983, where plaintiff did not allege violation of declaratory decree nor unavailability of declaratory relief). Finally, Judge Hudson is entitled to this immunity, notwithstanding the fact that plaintiff alleges that he was not impartial during the *Mapp* hearing. *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997) ("The cloak of immunity is not pierced by allegations of bad faith or malice, even though unfairness and injustice to a litigant may result on occasion.") (internal citations and quotation marks omitted); *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987) ("[F]undamentally, since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity."); *Folino v. Town of Niagara*, No. 07-CV-0407, 2008 WL 4425556, at *8 (W.D.N.Y. Sept. 29, 2008) (dismissing claim against judicial officer under absolute judicial immunity, even accepting as true plaintiff's allegations that officer was "hostile and biased"); *Sandson/Sanchez v. Harris*, No. 96-CV-4675 (JG), 1998 WL 812564, at *6 (E.D.N.Y. Jun. 29, 1998) (dismissing § 1983 claim against judicial officer notwithstanding allegation of bias). Accordingly, defendant Judge Hudson is entitled to absolute immunity from the instant lawsuit, and the complaint is dismissed as to him, with prejudice.

IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed as against defendant Judge James Hudson, with prejudice. The Clerk of the Court shall terminate Judge James Hudson as a defendant from this case.

With respect to the remaining defendants, the Court intends to issue an Order seeking to determine whether plaintiff, given his failure to respond to defendant Judge Hudson's motion or otherwise communicate with the Court, intends to proceed with the lawsuit as to the remaining defendants,[3] and to warn him that failure to respond to the Court's Order will

---

[3] The Court notes, as discussed *supra*, that, after this lawsuit was filed, plaintiff pled guilty to the charge that is the subject of the instant case.

4

result in failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

       SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:      August 20, 2009
             Central Islip, New York

       \* \* \*

Plaintiff appears *pro se*. Defendant Judge James Hudson is represented by Andrew M. Cuomo, Attorney General of the State of New York, by Lori L. Pack, Esq., Assistant Attorney General, 300 Motor Parkway, Suite 205, Hauppauge, New York 11788.